FILED
2005 Jul-13 PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KATHY MURPHY;** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **CV–03-VEH-1441-NE** |
| ) | |
| **UNUM LIFE INSURANCE** ) | |
| **COMPANY** ) | |
| **OF AMERICA; CAS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## Memorandum of Opinion

**I.   Introduction**

This is a civil action filed by the Plaintiff, Kathy Murphy, against the Defendant, Unum Life Insurance Company of America ("Unum"), and CAS, Inc. ("CAS"). The Complaint alleges one count of violation of the Employee Retirement Income Security Act of 1974 (ERISA).

The case is presently before the Court on the Motion for Summary Judgment of Defendant CAS (doc. 19). For the reasons stated herein, the Motion will be **GRANTED**.

**II.   Standard of Review**

1

> In conducting [a summary judgment analysis], [the Court must] view all evidence and factual inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment. *Id.*

*Lofton v. Secretary of Dept. of Children and Family Services,* 358 F.3d 804, 809 (11th Cir. 2004).[1]

## III.   Undisputed Facts[2]

CAS hired Plaintiff as an employee in 1987. CAS afforded to its full-time employees, like Plaintiff, group long-term disability insurance coverage under an employee welfare benefit plan issued by Unum Life and governed by ERISA, 29 U.S.C. §§ 1001 *et seq*. The plan issued to CAS bears Group Policy No. 378609 001. CAS did not have any involvement whatsoever with the decision to deny Plaintiff's claim for benefits. Unum Life was solely responsible for administering, considering

---

1 As the undisputed facts demonstrate, because CAS was not a Plan Administrator, none of the standards identified in *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101, 109 (1989), apply to this case.

2 The following facts are undisputed. The Plaintiff has not filed an opposition to these facts. Judge Smith's July 18, 2003, Order governing Summary Judgment requirements in this case clearly held that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment."

and adjudicating claims for benefits and appeals of the denial of claims for benefits from participants in the CAS, Inc. Plan, including the claim and appeals of Plaintiff. Unum Life Insurance Company of America was solely responsible for paying benefits to those who were eligible for benefits under the terms of the Plan.

CAS had no discretionary authority over the plan, had no control over the claims administration of the plan, and had no authority to pay benefits to anyone pursuant to the Plan. CAS does not know which person or persons were responsible for administering, considering, and/or adjudicating claims for benefits by participants of the CAS, Inc. Plan. CAS does not know which person or persons were responsible for administering, considering, and/or adjudicating appeals of the denial of benefits to participants of the CAS, Inc. Plan. CAS does not know what facts were relied upon in determining that Plaintiff was not qualified for disability benefits. CAS does not know the basis of the decision that Plaintiff was not disabled as that term is used in the Plan. CAS has no way to identify the conditions precedent to recovery that Plaintiff has not satisfied. CAS knows nothing about Unum Life's decision to deny Plaintiff's claim for disability benefits, other than that the claim was denied.

**IV.   Analysis**

CAS cannot be held liable for failure to pay benefits under ERISA. The relevant portion of ERISA's civil enforcement scheme is found at 29 U.S.C. § 1132(a), which provides in part:

>   (a) Persons empowered to bring a civil action. A civil action may be brought –
>
>   (1) by a participant or beneficiary –
>
>   > (A) for the relief provided for in subsection (c) of this section, or
>   > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
>   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [*29 USCS § 1109*];
>
>   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

Under these provisions, Plaintiff's claims in this case lie against the party who denied her claim. This civil enforcement scheme and the case law interpreting it allow plaintiffs to recover from an employer or plan administrator only in certain circumstances. In the Eleventh Circuit, "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls the administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir. 1997).

It cannot be disputed in this case that Unum Life controlled the administration of claims for benefits under the Plan. CAS had no involvement in the decision to

deny Plaintiff's claim for disability benefits. It had no discretionary authority over the Plan, no control over the administration of claims, and no authority to pay benefits to anyone under the Plan. Unum Life was solely responsible for administering, considering and adjudicating claims for benefits and appeals of the denial of claims for benefits from participants in the CAS, Inc. Plan, including the claim and appeals of Plaintiff. Unum Life was solely responsible for paying benefits to those who were eligible for benefits under the terms of the Plan. CAS does not know: which individuals were responsible for administering, considering, and/or adjudicating claims for benefits by participants of the Plan; which individuals were responsible for administering, considering, and/or adjudicating appeals of the denial of benefits to participants of the Plan; what facts were relied upon in determining that Plaintiff was not qualified for disability benefits; the basis of the decision that Plaintiff was not disabled as that term is used in the Plan; the conditions precedent to recovery that Plaintiff has not satisfied; or anything else about Unum Life's decision to deny Plaintiff's claim for disability benefits, other than that the claim was denied. Because CAS had no involvement in administering claims for benefits under the Plan, it clearly cannot be liable for any failure to pay benefits.

**V.   Conclusion**

Based on the foregoing, CAS's Motion for Summary Judgment is due to be **GRANTED**.

-6-

**DONE** this 13th day of July, 2005.

                                              **VIRGINIA EMERSON HOPKINS**
                                              **United States District Judge**